Case 2:13-cv-21767 Document 1 Filed 08/13/13 Page 1 of 5 PageID #: 1



IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF WEST VIRGINIA

**ERICA L. WOODS,**
      **Plaintiff,**

vs.                                        Civil Action No.: 2:13 - 21767

**NEW RIVER PIZZA LLC.,**

**Defendants.**

## FIRST AMENDED COMPLAINT

This complaint, brought pursuant to 42 U.S.C. Section 2000,et seq, Fourteenth Amendments to the United States Constitution, the West Virginia Constitution, Statutes and common law, arises out of the Defendants' racially discriminatory treatment of the plaintiff in Fayette County, West Virginia, within the Southern District of West Virginia.

## JURISDICTION

This Court has jurisdiction over this matter pursuant to 28 U.S.C. 1331 and 1343, 42 U.S.C. §2000 et seq., etc.

## PARTIES

1.     The Plaintiff at all times relevant to this Complaint was a resident of Fayette County, West Virginia, within the Southern District of West Virginia, and was an employee of Defendant .

2.     Defendant is a foreign corporation doing business within the State of West Virginia, with its principal local office in Beaver, Raleigh County, West Virginia.

1

## FACTS

3. The Plaintiff incorporates herein by reference the allegations contained in paragraphs 1-2, supra, as if restated herein verbatim.

4. The Plaintiff was employed by the Pizza Hut Restaurant in Smither, West Virginia, owned and operated by the Defendants, for approximately 5 and one-half years before her employment was terminated. At that time, she was a shift manager.

5. In December 2010 the Plaintiff was scheduled "off" on Christmas. When she asked the store manager, John Chatman, why, he stated that it was so the Plaintiff could "be with [her] kids." When Plaintiff explained that she had no children, Mr. Chatman responded that he believed all "young black girls" in that area had children. Around that same time, Plaintiff's co-worker expressed his surprise at Plaintiff's pleasant nature, explaining he had been told that Plaintiff was an "ABW", or "angry black woman." In addition, Plaintiff heard manager Chatman refer to two young African-American males who had worked at the restaurant as "gangsters."

6. Despite the Plaintiff's many years of employment and service to the company, she earned the same or less pay than other employees of her rank who had not been with the company for as long. John Chatman, a young male employee, was promoted to manager over the Plaintiff.

7. In January 2011, Plaintiff asked for a pay increase. On January 27, 2011, she was told she was "no longer needed" at the restaurant, and her employment was terminated.

## FEDERAL LAW CLAIMS

8. The actions of the defendant constitute disparity of treatment based upon race and/or sex under federal law.

## STATE LAW CLAIMS
## SEXUAL HARASSMENT/HOSTILE WORK ENVIRONMENT

9. The Plaintiff incorporates herein by reference the allegations contained in paragraphs 1–8, supra, as if restated herein verbatim.

10. The actions of the defendant constitute disparity of treatment based on race and sex, etc., and/or a hostile work environment within the meaning of West Virginia Code §5-11-1 *et seq, et als* and West Virginia CSR 77-4-2.2, *et seq, et als*.

11. As a proximate result of Defendant's actions, plaintiff sustained physical, mental and emotional damages, suffered embarrassment, humiliation, annoyance, inconvenience, sustained lost wages and suffered otherwise, and is entitled to recover damages for the same.

## COUNT II - - VICARIOUS LIABILITY

12. The Plaintiff incorporates herein by reference the allegations contained in paragraphs 1-11, supra, as if restated herein verbatim.

13. In that the person conducting the harassment, and/or disparate treatment as aforesaid was a supervisor of the plaintiff, the defendant is vicariously liable.

14. As a proximate result of Defendant's actions, plaintiff sustained mental and emotional damages, suffered embarrassment, humiliation, annoyance, inconvenience, sustained lost wages and suffered otherwise, both current and in the future, and is entitled to recover damages for the same.

## COUNT IV - - OUTRAGEOUS CONDUCT/INTENTIONAL INFLICTION

15. Plaintiff hereby realleges and incorporate by reference each and every allegation made in paragraphs 1 through 14 of this COMPLAINT, as if restated herein verbatim .

16. The Actions of the Defendant and/or it's supervisory employees in exposing the plaintiff to racial discrimination is outrageous under West Virginia Law and constitutes an intentional infliction of emotional distress, for which punitive damages are authorized.

17. As a proximate result of Defendants' actions, plaintiff sustained mental and emotional damages, suffered embarrassment, humiliation, annoyance, inconvenience, deprivation of liberty, sustained lost wages and loss of future wages and suffered otherwise, and is entitled to recover damages for the same.

18. In that the actions of the defendant and/or their employee, were intentional, malicious and done with callous and reckless disregard for the Plaintiff's constitutional and statutory rights, and contrary to the work regulations of the defendant, plaintiff is entitled to punitive damages. The allegations in this paragraph are likely to have evidentiary support after a reasonable opportunity for discovery.

### **PRAYER**

WHEREFORE, based on the above stated facts, the Plaintiff respectfully request that this Honorable Court award:

1. Damages against Defendant in an amount to be determined at trial which will fairly and reasonably compensate the Plaintiffs for:
   a. Past, present and future medical expenses, if any are incurred;
   b. Past, present and future economic damages;

c. Past, present and future pain and suffering;
d. Loss of enjoyment of life;
e. Annoyance aggravation and inconvenience;
f. Psychological, emotional distress and loss of consortium; and
g. Any other compensatory damages to be proven at trial;
h. Punitive damages against the defendant in an amount to be determined at trial;
I. Reasonable attorney fees and costs;
j. Any other relief that this Court deems just and equitable;
k. All other damages provided by law;

<center>PLAINTIFF DEMANDS A JURY TRIAL</center>

ERICA L. WOODS
by Counsel

/s/ Michael T. Clifford
Michael T. Clifford (WVSB #750)
Richelle K. Garlow (WVSB #9662)
723 Kanawha Blvd. East
Union Bldg., Suite 1200
Charleston, WV 25301
304-720-7660
304-720-7753 fax