IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

ERICA L. WOODS,

          Plaintiff,

v.                                       CIVIL ACTION NO.  2:13-cv-21767

NEW RIVER PIZZA LLC,

          Defendant.

**MEMORANDUM OPINION AND ORDER**

Pending is Plaintiff Erica L. Woods' motion for leave to amend the Complaint. [ECF 9]. The Court **GRANTS IN PART** and **DENIES IN PART** the motion for leave to amend the Complaint as provided herein. Also pending is Defendant's motion to dismiss [ECF 5]. The motion to dismiss is **GRANTED IN PART** to the extent that it challenges the viability of the state law claims and is otherwise **DENIED WITHOUT PREJUDICE** as moot.

I.     DISCUSSION

*A. Legal Standard*

Federal Rule of Civil Procedure 15(a)(1) states, in pertinent part, that "[a] party may amend its pleading once as a matter of course within . . . 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), whichever is earlier." If a party seeks to amend its pleadings in all other cases, it may only do so "with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Rule 15(a) grants the district court broad discretion concerning motions to amend pleadings, and leave should be granted absent some reason "such as undue delay, bad faith, or

dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment or futility of the amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Ward Elec. Serv. v. First Commercial Bank*, 819 F.2d 496, 497 (4th Cir.1987); *Gladhill v. Gen. Motors Corp.*, 743 F.2d 1049, 1052 (4th Cir. 1984).

"[L]eave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile." *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509 (4th Cir. 1986). "Leave to amend should be denied on the ground of futility when the proposed amendment is clearly insufficient or frivolous on its face. A proposed amendment is futile 'if . . . [it] fails to satisfy the requirements of the federal rules,' such as Rule 12(b)(6)." *Friend v. Remac Am., Inc.*, 924 F. Supp. 2d 692, 696 (N.D. W. Va. 2013) (citations omitted).

A motion to dismiss for failure to state a claim upon which relief can be granted tests the legal sufficiency of a civil complaint. Fed. R. Civ. P. 12(b)(6); *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). "[I]t does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1356 (1990)).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A court decides whether this standard is met by separating the legal conclusions from the factual

2

allegations, assuming the truth of only the factual allegations, and then determining whether those allegations allow the court to reasonably infer that "the defendant is liable for the misconduct alleged." *Id.* A motion to dismiss will be granted if, "after accepting all well pleaded allegations in the plaintiff's complaint as true and drawing all reasonable factual inferences from those facts in the plaintiff's favor, it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief." *Edwards*, 178 F.3d at 244.

    *B.    Analysis*

In her Complaint, Plaintiff alleges racial and gender discrimination, sexual harassment, hostile workplace, and tort of outrage claims against her former employer, Defendant New River Pizza, LLC. The racial and gender discrimination claims are alleged to be in violation of federal law. The sexual harassment, hostile workplace, and outrage claims are alleged to be in violation of West Virginia law.

In its motion to dismiss, Defendant concedes that the Court has subject matter jurisdiction over Plaintiff's racial and gender discrimination claims insofar as the claims appear to be brought under 42 U.S.C. § 2000, *et seq.* Defendant contends, however, that Plaintiff's Complaint fails to allege a number of factual allegations central to the federal claims and that the state law claims are time-barred and are otherwise subject to dismissal.

In her response to the motion to dismiss, Plaintiff states (albeit without conceding any deficiencies) that her federal claims could be factually augmented and that an "Amended Complaint could set forth more fully the procedural of the Plaintiff's EEOC claim." (ECF 8 at 2.) She refutes, however, Defendant's claim that Plaintiff failed to allege her race in the Complaint. With respect to Defendant's attack on the timeliness of her state law claims, Plaintiff simply states

3

that "to the extent that any of Plaintiff's claims are time-barred, Plaintiff will not contest any ruling by this Court of their lack of viability." *Id.* Thus, in the absence of any legal authority or argument on this point, and as noted by Defendant in its Reply, Plaintiff effectively concedes that her state law claims are time-barred. The Court agrees that for the reasons stated in the motion to dismiss, Plaintiff's state law claims are barred by the two-year statutes of limitations imposed by West Virginia Code Sections 5–1–13 and 55–2–12(b) and *Stephens v. W. Va. College Graduate Studies*, 506 S.E.2d 336, 341 (W. Va. 1998).

## II. CONCLUSION

For the reasons set forth herein, the Court **GRANTS IN PART** and **DENIES IN PART** the motion for leave to amend the Complaint [ECF 9]. The motion is **GRANTED** only to the extent the proposed amended Complaint amends the federal claims; the state claims will be disregarded. The motion to dismiss is **GRANTED IN PART** to the extent that it challenges the viability of the state law claims; the motion to dismiss is otherwise **DENIED WITHOUT PREJUDICE** as moot. [ECF 5].

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: August 13, 2014

_____
THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE

4